The Morgan County Bank, Appellant, *v.* The People of the State of Illinois, Appellees.

APPEAL FROM MORGAN.

A letter of the State Auditor, in reference to matters of banking, etc., is not of itself evidence; that officer is required to keep a seal, and his official writings, etc., can only be properly authenticated by the use of it.

On the 24th day of August, 1858, the People of the State of Illinois filed in the Morgan Circuit Court, their declaration against the Morgan County Bank, in debt; averring that on the 11th day of April, 1858, at Jacksonville, Morgan county, Illinois, said bank was a body politic and corporate, doing a banking business pursuant to the laws of said State, and subject as such to have taxes levied on and paid by it: and that on the 22nd day of July, 1857, at said county, the value of its property and effects subject to taxation for that year, was ascertained according to law, at the sum of sixty-five thousand dollars, and was duly listed and assessed by the assessor of said county, to pay the sum of four hundred and thirty-five dollars and fifty cents, State tax, the debt sued for in this case; and that the collector of taxes of said county demanded of the defendant to pay said taxes, which it refused to do.

Plea, general issue—and joinder.

At the October term, 1858, by agreement, the issue was tried by the court. On the trial, it was admitted by the defendant below, that it was incorporated under the general banking law, and was doing a banking business in Jacksonville, in said county, in the year 1857. And it appeared from the evidence of Wm. G. Johnson, assessor of said county, that in the spring of 1857,

he called at the house of said bank, for the purpose of assessing their taxable property, for State and county purposes, and informed Mr. H. R. Reed, one of the officers of the bank, of his business, and left with him a blank schedule, according to the law; and afterwards called at the bank, and requested H. R. Reed and W. W. Wright, president and cashier of said bank, to furnish him their assessment list, and he then showed them the auditor's circular. They remarked that they preferred he would get it from the auditor. The assessor then requested M. Stacy, clerk of the County Court of said county, to write to the auditor respecting the matter. The clerk so wrote, and afterwards placed in the hands of the assessor what purported to be a letter from the auditor, which was proven to be in the hand-writing of Jesse K. Dubois, the State auditor, which letter was in the words and figures following, to wit:

AUDITOR'S OFFICE, *Springfield, 22nd July*, 1857.
MATHEW STACY, ESQ.—*Sir:*

Your favor of the 18th has just come to hand. The 6th section of the banking law approved 14th Feb., 1857, says the capital stock of every bank or banking association, paid in or secured to be paid in, except so much thereof as is invested in real estate, together with the surplus profits or reserved funds, viz: sd. 6th section. In the April report of the Morgan County Bank, the president and cashier of said bank sd. that they had $65,648.55 capital stock paid in and invested according to law. Now that is the amount, unless they can show the assessor that it is incorrect; what the surplus profits and reserved funds of the bank is, I have no means of ascertaining. Yours truly,

JESSE K. DUBOIS, *Auditor*.

The plaintiffs below introduced this letter in evidence to prove the amount of property owned by the bank subject to taxation. To this letter, as competent evidence, the defendants below objected, and objected to the reading of the letter as evidence; which objection was overruled by the court, WOODSON, Judge, presiding, and the letter was read in evidence. And to the overruling of which the defendant below, at the time excepted. And it further appears from the evidence of said assessor, that he, according to and upon the strength of said letter alone, assessed the bank at $65,000.

It further appears from the testimony of M. Stacy, clerk of the County Court of said county, that he made out the tax book of said county for the year 1857; that the amount of property assessed to the Morgan County Bank was $65,000, and the State tax for that year was sixty-seven cents on every one hundred dollars.

And it further appeared from the evidence of Charles Sample, sheriff of said county for the year 1857, that in the latter part of the year, he demanded of the officers of the Morgan County

20

Bank the taxes above mentioned ; and the payment of the same was refused.

Upon which evidence the court found the issue for the plaintiffs below, and adjudged that they recover of the defendant below the sum of four hundred and thirty-five fifty-hundredths dollars.

The defendant below thereupon moved the court for a new trial, for the following reasons, to wit :

1st. Because the court erred in admitting the letter of Jesse K. Dubois, the auditor, as evidence of the amount of property belonging to the defendant below, subject to be assessed and taxed.

2nd. Because the court erred in assessing the debt and damages of defendant below, based upon the amount of securities or stock deposited with the Auditor of State. Which motion was overruled by the court, and judgment rendered against the defendant below.

To which ruling of the court the defendant below excepted, and prayed that the bill of exceptions be signed and sealed by the court, which was then done.

The case is brought up by appeal—bond and security filed.

Errors assigned are :

1st. The court erred in overruling the objection to the admission of the auditor's letter in evidence, as proof of the amount of taxable property owned by said bank.

2nd. The court erred in admitting the said letter to be used in evidence.

3rd. The court erred in overruling the motion for a new trial, and rendering judgment against the bank, because the evidence introduced by the plaintiffs above, to prove the amount of taxable property owned by said bank, was incompetent, illegal, irrelevant and not in support of the cause of action set forth in said declaration, and that such finding of the court was contrary to law and evidence.

4th. The court erred in finding and entering judgment for the plaintiffs above, because—

*First,* The bonds or stocks deposited with the State Auditor as the basis of issue of said bank, were not legally taxable as property of said bank.

*Secondly,* The bonds and stocks deposited as aforesaid, were not subject to be taxed by any law of the State of Illinois.

*Thirdly,* The banking law, approved February 14th, 1857, amendatory to the general banking law, under and according to which said bank was assessed and taxed, in imposing additional burdens on the banks of the State, without any corresponding advantage or benefit conferred, not authorized at the time of

the passage of the general banking law, is wholly null and void, and in conflict with the constitution of the United States, as impairing the obligation of contracts.

*Fourthly*, The banking law, approved February 14th, 1857, amendatory to the general banking law, under and according to which the said bank was assessed and taxed as aforesaid, because it was never voted on and approved by the people of the State of Illinois, at any election called and held for that purpose, is null and void, and in conflict with the constitution of this State.

C. EPLER, for Appellant.

D. A. AND T. W. SMITH, for Appellees.

BREESE, J. None of the important questions presented by the record in this case, have been argued by counsel on either side.

One question of minor importance, that of the admissibility of the letter purporting to have been written and signed by the auditor of public accounts, we are prepared to decide without argument.

As to the admissibility of the auditor's letter in evidence on proof of his hand-writing, we have no doubt the Circuit Court erred in admitting it. The auditor's office is one of great public importance, the most so of any other, so far as the collection and disbursing of the revenue, and the establishing and conduct of banks and the operations of the banking system, are concerned.

By chapter 13, section 4, (Scates' Comp. 492,) the auditor is required to keep an official seal, to be used to authenticate all writings, papers and documents required by law to be certified from his office; and it is provided by that section, that copies of all papers, writings and documents legally deposited in his office, when certified by the auditor and authenticated by the seal of his office, shall be received in evidence in the same manner and with like effect as the originals.

The April report of the Morgan County Bank was legally deposited in the auditor's office, and a certified copy of it, under the seal of the office, should have been produced. It is the highest and best evidence of which the case pending was susceptible; nothing of an inferior character was admissible. All else is mere hearsay. This disposes of the three errors assigned.

As to the fourth error assigned, we refer to the case of *The*

*Bank of the Republic* v. *Hamilton County, ante,* 53, as decisive of this, on the other points made on this record.

For the first error, however, the judgment must be reversed and the cause remanded.

*Judgment reversed.*